IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NATIONAL CASUALTY
COMPANY,

    Plaintiff,

      v.

                                   CIVIL ACTION FILE
                                   NO. 1:13-CV-1381-TWT

MELANIE PICKENS, et al.,

    Defendants.

## OPINION AND ORDER

The Plaintiff National Casualty Company is seeking a declaratory judgment regarding its obligations to defend and indemnify the Defendant Melanie Pickens.  It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 16]. For the reasons set forth below, the Motion for Summary Judgment [Doc. 16] is GRANTED.

## I. Background

The Defendant Repheka Persadi was a student at Hopewell Middle School from 2004 to 2007. (Pl.'s Statement of Facts ¶ 2.)  Persadi has been diagnosed with Downs syndrome and suffers from other medical ailments. (Id.) The Defendant Melanie Pickens was her special education teacher. (Id.)  On November 21, 2012, Persadi filed

suit against Pickens, asserting a section 1983 claim as well as various state law claims.

(Id. ¶¶ 1, 5, 6.)  Persadi alleged that Pickens had committed multiple shocking and

offensive acts, such as:

   i. Screaming at Repheka and the other children on a daily basis;
   ii. Burping in the faces of Repheka and the other children;
   iii. Shaking her breasts and pressing them in the faces of Repheka and other children;
   iv. Pressing her buttocks into the faces of Repheka and the other children and passing gas;
   v. Cursing at Repheka and the other children;
   vi. Often using vulgarities in front of Repheka and the other children; and
   vii. Spraying Repheka with Lysol and putting her out in the hallway after Repheka passed gas in class.

(Id. ¶ 3.) Persadi alleged that these acts were committed "with deliberate indifference

toward the rights of [Persadi] and with specific intent to injure her." (Id. ¶ 4.)

During the time period within which these alleged acts took place, the Plaintiff

National Casualty Company was an insurer for the Professional Association of

Georgia Educators. (Id. ¶ 9.)  By letter dated February 19, 2013, the Plaintiff informed

Pickens that it would defend Pickens in the underlying action, but subject to a

reservation of rights. (Id. ¶ 8.)  The Plaintiff then filed the current action requesting

a declaratory judgment that it has no obligation to defend Pickens in the underlying

suit, or indemnify her for any judgment therein.  Specifically, the Plaintiff argues that

three exclusions in the insurance contract relieve it from any liability: the intentional

acts exclusion, the criminal acts exclusion, and the sexual misconduct exclusion.

Pickens did not answer the Complaint and has not filed a response to the motion. Persadi filed an affidavit in response, as well as a brief which argues that the criminal acts exclusion does not apply.  Pickens did not file a response.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).  The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient  showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir.1990).

## III. Discussion

If there is no duty to defend, there is no duty to indemnify. See, e.g., Shafe v. Am. States Ins. Co., 288 Ga. App. 315, 317 (2007) ("[A]n insurer's duty to defend is broader than its duty to indemnify."); Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 225 (3d Cir. 2005) ("Because the duty to defend is broader than the duty to indemnify, there is no duty to indemnify if there is no duty to defend.").  Thus, the Court will begin by determining whether the Plaintiff has a duty to defend Pickens in the lawsuit brought against her by Persadi.

"An insurer's duty to defend turns on the language of the insurance contract and the allegations of the complaint asserted against the insured." City of Atlanta v. St. Paul Fire & Marine Ins. Co., 231 Ga. App. 206, 207 (1998).  "In Georgia, insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms."  Richards v. Hanover Ins. Co., 250 Ga. 613, 614 (1983). "[A]n insurance company is . . . free to insure against certain risks while excluding others." Continental Cas. Co. v. H.S.I. Financial Services, Inc., 266 Ga. 260, 262 (1996). "Although the provisions of an insurance policy will be construed against the insurer when a part is susceptible of two constructions . . . if the language is unambiguous and but one reasonable construction is possible, the court will enforce the contract as written." Sapp v. State Farm Fire & Cas. Co., 226 Ga. App. 200, 201 (1997) (internal quotation marks omitted).  "To excuse the duty to defend the petition must

unambiguously exclude coverage under the policy . . . and thus, the duty to defend

exists if the claim potentially comes within the policy." Penn-Am. Ins. Co. v. Disabled

Am. Veterans, Inc., 268 Ga. 564, 565 (1997) (internal citations omitted).

Here, the "intentional acts" exclusion relieves the Plaintiff of liability for all of

the acts that form the basis of Persadi's claims against Pickens.  This exclusion reads:

> The Company shall not be obligated to make any payment or defend any
> lawsuit in connection with any CLAIM against the insured arising from: . . . J.
> an intentional act by . . . the insured, *whether or not any resulting damages are*
> *intended or foreseeable*, except for such damages resulting from corporal
> punishment of any student administered by or at the direction of the insured.

(Schlueter Aff., Ex. 1) (emphasis added).  The acts which gave rise to Persadi's

lawsuit were deliberate. Even though Persadi also asserted a negligence claim against

Pickens, this claim nonetheless arises from Pickens' intentional acts. Cf. Continental

Cas. Co., 266 Ga. at 262 ("[C]overage need not be provided even though negligence

was asserted as a concurrent cause of the harm . . . because the harm clearly arose out

of conduct that was within the scope of an insurance policy exclusionary clause.");

Rucker v. Columbia Nat. Ins. Co., 307 Ga. App. 444, 447-48 (2010) ("Rucker argues

that Taylor's act of not performing a background check on Phillips was a negligent act

. . . [b]ecause Taylor intended to forego conducting a background check . . . the policy did not provide coverage for the claim asserted.").[1]

In response, Persadi first argues that summary judgment ought to be denied because discovery may reveal that Pickens' acts were not "intentional . . . even though her actions may have been sufficiently reckless and conscience-shocking to amount to a . . . substantive due process violation." (Jones Aff. ¶ 5.)  This argument misunderstands the clear text of the insurance contract.  For coverage to be excluded, Pickens had to have intended the *acts*, not the *consequences*. Indeed, the contract makes clear that it is immaterial whether any resulting damage was intended or foreseeable. (See Schlueter Aff., Ex. 1.) Persadi never alleged in her complaint against Pickens – or in her Response brief here – that Pickens' acts were non-volitional. Second, Persadi argues that the criminal acts exclusion does not apply because Pickens was found to be immune from criminal liability. (Persadi's Resp. to Mot. for Summ. J., at 3.)  Even if this were true, the intentional acts exclusion still relieves the Plaintiff of any liability in connection with Persadi's lawsuit.  Thus, the Plaintiff does not have a duty to defend Pickens in the lawsuit brought by Persadi. Consequently,

---

[1] Neither Persadi nor Pickens try to argue that Pickens' acts constituted "corporal punishment."

the Plaintiff also has no duty to indemnify Pickens for any liability that may arise

from Persadi's lawsuit.

## IV. Conclusion

For these reasons, the Court GRANTS the Plaintiff National Casualty

Company's Motion for Summary Judgment [Doc. 16].

SO ORDERED, this __4__ day of April, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge